FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER P.,
Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Defendant.

No. 4:22-CV-05082-SAB

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 9, 10. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Michael J. Mullen and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 9, and grants Defendant's Motion for Summary Judgment, ECF No. 10.

//

**I. Jurisdiction**

On July 28, 2020, Plaintiff filed an application for disability insurance benefits, with onset of October 1, 2016. Plaintiff's application was denied initially and on reconsideration. On March 3, 2022, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, Chad Hatfield. Mark A. Harrington, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on April 21, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 24, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II. Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV. Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff served in the United States Marine Corp, including deployments to Iraq. He also worked as a contractor overseas. He has been diagnosed with PTSD. He experiences nightmares, chronic hypervigilance, quick changes of mood, feelings of guilt, and the inability to adapt between family and past military experiences easily. He has difficulty with his memory. His nightmares contribute to his anxiety. He testified that he does not like going out and he does not like crowds.

Plaintiff was injured while on active duty. He experiences numbness in his hands and diminished dexterity. He has difficulty with holding a pencil, typing, and handling a firearm. He also testified that he has a brain injury. The Veterans Administration has determined that Plaintiff is 100% disabled.

He testified he voluntarily left his last job because he was having some performance issues. He was a sergeant at a nuclear waste facility and was in charge of a squad of armed and commissioned nuclear security officers. He was experiencing neuropathy and his hands were going numb. He was having difficulty with shooting a pistol. After he quit his job, he attended college and attempted to complete his degree. He struggled with math classes and sought out assistance

from the resource center. He ultimately left college.

He testified that he applied to be a firefighter and received a conditional job offer but was ultimately turned down because of his reactive airway disease that he acquired from serving in Iraq.

Plaintiff explained that the birth of his daughter opened up difficult emotions for him. It caused him to rethink his actions while in Iraq and to bring back difficult memories of his combat time.

Plaintiff is divorced and he has 50/50 custody for his two children. He has his children for a week, then his ex-wife has them for a week.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-26. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 21, 2018, the alleged onset date. AR 18.

At step two, the ALJ identified the following severe impairments: posttraumatic stress disorder (PTSD), major depressive disorder, attention deficit hyperactivity disorder (ADHD), and degenerative joint disease of the bilateral elbows. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> a full range of medium work as defined in 20 CFR 404.1567(c) except: he was limited to simple, routine tasks and could have only occasional, superficial contact with the public and coworkers, with no collaborative tasks.

AR 20.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 25.

In the alternative, the ALJ found there were other jobs that existed in

significant numbers in the national economy that Plaintiff could also perform, including janitor, packager, and landscape specialist. AR 26.

**VI. Issues**

1. Whether it was proper for the ALJ to not consider the VA's 100% disability rating.

2. Whether the ALJ properly determined that Plaintiff's bilateral carpal tunnel was non-severe.

3. Whether the ALJ properly evaluated Plaintiff's symptom testimony.

4. Whether the ALJ properly conducted a Step Five analysis.

**VII. Analysis**

1. **Consideration of VA's disability rating**

Plaintiff asserts the ALJ erred in failing to provide weight to the VA determination that Plaintiff was 100% disability based on his PTSD, migraine headaches, paralysis of the ulnar nerve and limited motion of his arm, citing to *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Defendant points out, however, that the SSA issued revised regulations addressing this issue. Notably, 20 C.F.R. § 404.1504 provides that for "claims filed on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." But an ALJ must "consider all of the supporting evidence underlying the other governmental agency . . . decision." *Id.*

Plaintiff argues that notwithstanding the revised regulations, *McCartey* remains good law. The Court disagrees. As the Ninth Circuit explained in *Woods v. Kijakazi*, circuit precedent controls unless its "reasoning or theory is clearly irreconcilable with the reasoning or theory of intervening higher authority, which includes SSA's updated regulations. 32 F.3d 785, 790 (9th Cir. 2022) (quotation omitted).

Based on the revised regulations, the ALJ was not required to give any analysis of the VA disability determination. Notably, Plaintiff has not argued the ALJ failed to consider the supporting evidence underlying the VA's decision.

2. **Step Two Analysis – Bilateral Carpal Tunnel Syndrome**

The ALJ found that Plaintiff's bilateral carpal tunnel syndrome/cubital tunnel syndrome caused no more than minimal functional limitations through the date last insured and therefore was non-severe. The ALJ noted that Plaintiff reported excellent results from surgeries that took place within 12 months of this impairment first being diagnosed. The ALJ also noted that the medical evidence in the record does not show ongoing complaints to providers or any additional treatment. Finally, the ALJ noted that Plaintiff's complaints regarding his carpal tunnel syndrome were inconsistent with his activities of daily living.

"An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quotation omitted). As instructed by the Ninth Circuit, the step two analysis is "a de minimis screen device used to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by the record." *Id.* at 687 (quotation omitted).

The ALJ's reasons for finding that Plaintiff's carpal tunnel syndrome was non-severe are supported by substantial evidence in the record.

3. **Plaintiff's Symptom Testimony**

The ALJ found that while Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

An ALJ's assessment of a claimant's credibility is entitled to "great weight."

*Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ concluded that the objective medical evidence in this case was largely unremarkable, including evidence of largely normal mental status examinations. Plaintiff reported to his medical providers that things were going well, medications helped with his anxiety and nightmares and his mood as stabilized. The ALJ noted that Plaintiff's course of treatment had been routine and

conservative.

The ALJ noted that Plaintiff testified that when he quit his job in 2016, he was the primary caregiver for his baby daughter, and he returned to college full-time. Additionally, he testified that he applied for a job as a firefighter, and he performed exceptionally on the tests. The ALJ reasoned that it would make no sense for Plaintiff to engage in a prolonged hiring process and pursue litigation to try to secure the job if he did not believe he was capable of performing that job. The ALJ also relied on Plaintiff's daily living activities, including being the sole caregiver for two young children on a weekly basis, cooking, shopping, caring for pets, having no problems with personal care, cleaning, doing laundry, mowing the yard, doing basic household repairs, going outside daily, going out alone, driving, and managing financial accounts.

These are specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. As such, the ALJ's credibility determination is supported by substantial evidence in the record.

**4. The ALJ's Step Five Analysis**

Here, the ALJ's step five analysis is supported by substantial evidence in the record. The ALJ's determination of Plaintiff's RFC is supported by substantial evidence. There is nothing in the record that indicates the vocational expert's conclusion that a person with Plaintiff's limitations would be capable of working as a janitor, packager, and landscape specialist was in error.

## VIII. Conclusion

Substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled. Notably, Plaintiff's daily activities, childcare, college attendance, and prolonged attempt at becoming a firefighter, his conservative approach to treatment, situational factors; and improvements through surgery, medication, and other treatment all indicate that he is capable of making a successful adjustment to other work that existed in significant numbers in the national economy.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 9, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 10, is **GRANTED.**

3. The decision of the Commissioner is **affirmed.**

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 10th day of March 2023.



Stanley A. Bastian
Chief United States District Judge